JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02439-DOC-ADS                                             Date:  December 19, 2024

Title: Alliance United Insurance Company et al. v. Hyundai America Technical Center, Inc. et al.

---

PRESENT:            THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**   **ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

**I.   Background**

On November 5, 2024, Plaintiffs, nine casualty and insurance companies, filed a Complaint in Orange County Superior Court against Defendants. Notice of Removal ("Not.") (Dkt. 1), at 3. Defendants are Hyundai Motor America, Hyundai Motor Company, Kia America, Inc., Kia Corporation, Hyudai American Technical Center, Inc. *Id*. at 3-4. Plaintiffs are Alliance United Insurance Company, Financial Indemnity Company, Infinity Assurance Insurance Company, Infinity Auto Insurance Company, Infinity County Mutual Insurance Company, Infinity Indemnity Insurance Company, Infinity Insurance Company, Infinity Select Insurance Company, Unitrin Safeguard Insurance Company. *Id*. at 3.

Plaintiffs bring eleven state causes of action against Defendants: (1) breach of implied warranty; (2) breach of express warranty pursuant to Cal. Comm Code § 2313; (3) breach of express warranty in violation of the Song-Beverly Consumer Warranty Act; (4) violation of the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02439-DOC-ADS            Date: December 19, 2024

Page 2

1791 et seq.; (5) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; (6) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (7) fraud; (8) negligence; (9) negligent failure to warn; (10) negligent misrepresentation; and (11) strict liability. *Id*. at 2; *see also* Complaint ("Compl.") (Dkt. 1-3).

Defendants filed the Notice of Removal on November 8, 2024 (Dkt. 1).

**II.**      **Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. Discussion

Defendants argue that this Court has diversity jurisdiction in this action. Not. at 2-3. The Court disagrees.

Defendants acknowledge that Plaintiff Alliance United Insurance Company is incorporated in and has its principal place of business in California, making it a citizen of California. *Id.* at 3. Defendants also acknowledge that Defendants Hyundai Motor America and Kia America, Inc. are incorporated in and have their principal places of business in California, making them California citizens. *Id.* at 3-4. California citizens on both sides defeat complete diversity.

Defendants, however, contend that the non-diverse Defendants are fraudulently joined and so should be ignored because the claims against them are time-barred under the applicable statute of limitations. *Id.* at 4. Defendants argue that Plaintiffs were on notice of the defects at issue four to eight years ago due to public recalls issued by Hyundai Motor America and Kia America, Inc. in 2016, 2018, and 2020. *Id.*

When analyzing whether the complete diversity requirement is satisfied courts disregard the citizenship of "sham defendants." *Nasrawi v. Buck Consultants, LLC*, 779 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) ("[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant."). In the Ninth Circuit, a non-diverse defendant is deemed a "sham defendant" if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against that defendant. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (*citing Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "The expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). The defendant seeking removal to federal court has the burden of showing that a defendant was fraudulently joined and is entitled to present facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). All disputed questions of fact, however, are resolved in favor of the plaintiff. *Id.* Additionally, a finding of fraudulent joinder compels dismissal of the sham defendants. *Isaacs v Broido*, 358 Fed. Appx. 874, 876 (9th Cir. 2009).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02439-DOC-ADS | Date: December 19, 2024 |
| | Page 4 |

Here, Defendants fail to meet their burden of showing the two non-diverse Defendants were fraudulently joined. Defendants conclusorily state that the statute of limitations bars Plaintiff's claims against the non-diverse Defendants but do not provide any evidence of what the applicable statute of limitations is. Regardless, Plaintiffs' Complaint alleges tolling of the statute of limitations based on the discovery rule and fraudulent concealment. Compl. ¶¶ 250-262. Plaintiff's Complaint also makes allegations based on recalls in 2021, 2022, and 2023 which suggests that Plaintiffs were not on notice of defects, as Defendants argue, at least four years ago. *Id*. ¶¶ 17-22. Resolving disputes of fact in favor of the Plaintiffs, the Court finds that Defendants have not met their burden to show that Hyundai Motor America and Kia America, Inc. were fraudulently joined and should be ignored for diversity purposes. Thus, there is not complete diversity of citizenship and the Court lacks subject matter jurisdiction.

## IV.   Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County. The status conference set for January 6, 2024 is **VACATED**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: kdu |